# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **ROBERT L. JOHNSTON**, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>) Civil Action No.<br>)<br>**LEXISNEXIS RISK DATA** ) **JURY TRIAL DEMANDED**<br>**RETRIEVAL SERVICES, LLC,** )<br>sometimes dba "Lexis Nexis Risk )<br>Solutions, )<br>)<br>)<br>Defendant. ) | |

## COMPLAINT

### I.  Preliminary Statement

1. This is an action for damages brought by ROBERT L. JOHNSTON, an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*

### II.  Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff is a resident of this State, District and Division and is authorized to bring this action.

### III.  Parties

5. Defendant LexisNexis Risk Data Retrieval Services, LLC (hereafter "LexisNexis") is a business entity that provides background screening services, decision-making intelligence, and operates as a consumer reporting agency.

6. LexisNexis regularly conducts business in Northern District of Georgia, and has a local registered agent in C.T. Corporation System, which is located at 1201 Peachtree Street, N.E., Atlanta, GA 30361.

7. Defendant is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f).

8. Additionally, Defendant is also a "furnisher" of information to credit reporting agencies, as described in 15 U.S.C. § 1681s-2.

### IV. Factual Allegations

9. Plaintiff Robert L. Johnston has always maintained extraordinary personal credit scores.

10. Plaintiff Robert L. Johnston takes pride in this and also relies on having impeccable credit for business reasons.

11. Mr. Johnston is the Founder and CEO of First Communities, LLC, a large full service property management firm with over 30,000 units under management.

12. Mr. Johnson is also a founding member and Executive Vice President of Property Management for Centennial Holding Company, LLC, a private real estate holding company with a portfolio of over 35 residential communities, with over 10,000 units and a book asset value in excess of $1 Billion dollars.

13. Mr. Johnson routinely consults with banks regarding both personal and business lending decisions for both First Communities, LLC and Centenial Holding Company, LLC and on occasion authorizes them to access his personal credit files to facilitate making business or personal loans.

14. In or around September and October of 2012, Plaintiff authorized his credit report to be pulled by a lender.

15. The resulting credit reports, including specifically reports made by Corelogic Credco and Kroll Factual Data (which included information provided by Experian Information Solutions, Inc.) contained a substantial amount of adverse and inaccurate information that belonged

to another individual that was mixed into Plaintiff's credit file, (hereafter the "inaccurate information.")

16. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

17. The inaccurate information consists of public record information.

18. The inacccurate information was provided by Defendant LexisNexis to Experian.

19. Defendant has been reporting the inaccurate public record information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least 2012 through the present.

20. Specifically, as successors in interest to ChoicePoint's public record business, LexisNexis assumed the role of communicating and publishing select public records information, including information about bankruptcies, judgments and tax liens, to other consumer reporting agencies ("CRAs"), such as Experian, Equifax and Trans Union.

21. LexisNexis communicates and publishes such information to third parties such as the national CRAs on a regular basis for a fee.

22. LexisNexis communicated such information to third parties about Plaintiff for a fee since at least 2012.

23. Additionally, on April 16, 2014, Stuart Fink of GE Capital requested a "Business Assurance Report" on Robert Johnston from LexisNexis.

24. The Business Assurance Report on him that was produced by LexisNexis in connection with the financing of the Century Riverside apartment complex contained numerous false information items.

25. LexisNexis knew or should have known that the information it communicated to third parties about Plaintiff is used and expected to be used in ordinary consumer transactions, including to be used as a factor in determining Plaintiff's eligibility for credit as well as the terms of any extension of credit.

26. LexisNexis knew or should have known that the information that it communicated and published for a fee to third parties such as Mr. Fink of GE CAPITAL about Plaintiff is derogatory and negatively bears upon Plaintiff's creditworthiness, credit standing and credit capacity.

27. Plaintiff has disputed the inaccurate information by following established procedures for disputing consumer credit information on one or more occasions since 2012.

28. Upon information and belief, at least one CRA gave notice of Plaintiff's dispute to LexisNexis, and per their duties under the FCRA, Defendants purportedly investigated Plaintiff's disputes.

29. Plaintiff did not know about LexisNexis at the time of the dispute because Lexis Nexis willfully and deliberately conceals its role in selling public records information, including the information they sold to third parties about Plaintiff.

30. Moreover, LexisNexis does not have any telephone number, website, street address or any other means that is made available to consumers so that they can dispute any inaccurate public records information that LexisNexis sell about consumers.

31. The only mechanism available to Plaintiff and other consumers to put LexisNexis on notice of their errors in communicating and publishing inaccurate public records information about Plaintiff is through the procedures established by the national consumer reporting agencies.

32. Despite Plaintiff's dispute, Defendants have nonetheless willfully, recklessly and negligently failed to perform reasonable investigations

and/or reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of said investigations and/or reinvestigations to all credit reporting agencies and have continued to cause the reporting of the derogatory inaccurate information about Plaintiff.

33. Plaintiff has applied for credit and has been adversely affected by this inaccurate information.

34. Plaintiff understands that the basis for adverse actions was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was the sole factor for any adverse action by lenders.

35. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.  Plaintiff's credit reports have been obtained from Defendants by such third parties from at least 2012 through the present.

36. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity,

credit defamation, lost financial opportunities, actual damages including attorney fees and emotional distress, including anxiety, embarrassment and humiliation.

37. Plaintiff has disputed the inaccurate information with Defendants by following Defendants' established procedures for disputing consumer credit information.

38. Plaintiff has disputed the inaccurate from at least 2012 through the present.

39. Notwithstanding Plaintiff's efforts, Defendant has continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

40. Defendant has published and disseminated consumer reports to such third parties from at least 2012 through the present.

41. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained actual bankruptcy records related to the plaintiff

which would show they have mixed the file of Plaintiff and the Robert Johnston which filed bankruptcy.

42. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

43. At all times pertinent hereto, the conduct of the Defendant as well as that of their agents, servants and/or employees, was willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

44. Among other things, the report included information furnished by Defendant indicating that Plaintiff had previously filed a Chapter 7 Bankruptcy.

45. In fact, Plaintiff has never filed a Bankruptcy proceeding.

46. Upon discovering the false, negative information, Plaintiff disputed same through Experian, who transmitted Plaintiff's dispute to Defendant in early November, 2012.

47. On November 16, 2012, Defendant "updated" its reporting to reflect a different discharge date on the Chapter 7 Bankruptcy. However, Defendant failed to advise Experian that the Bankruptcy notation did

not, in fact, pertain to the Plaintiff, even though Defendant's own records reflected that the Bankruptcy was filed by a person having a different address than Plaintiff.

48. Defendant thus failed to conduct timely or proper investigations of the disputed information as required by 15 U.S.C. § 1681s-2(b).

49. Thereafter, upon information and belief, Defendant negligently and willfully re-reported inaccurate information to the consumer reporting agencies, thereby violating the provisions of the Fair Credit Reporting Act regarding reinvestigation.

50. On or about April 16, 2014 Plaintiff obtained his credit report directly from Defendant, in an effort to determine what Defendant's file contained, and learned that Defendant continued to attribute the Bankruptcy and other false and inaccurate information to him, in violation of 15 U.S.C. §1681e(b).

51. Defendant, through its action and inaction, as described herein, caused great and irreparable injury to Plaintiff.

52. Defendant maliciously and/or with willful intent to injure, defamed Plaintiff and invaded the legitimate expectation of privacy of the Plaintiff.

53. In addition to actual or compensatory damages, a judgment should be granted to Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under state law, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act or other applicable federal laws.

54. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties.

## COUNT ONE – Negligent Noncompliance with the FCRA

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. At all times pertinent hereto, LEXISNEXIS was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

57. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

58. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

59. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, LEXISNEXIS is liable to the Plaintiff for negligently failing to comply with the

requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681(i), §1681k and/or willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

60. The conduct of LEXISNEXIS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, but include without limitation economic loss, damage to reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

61. Defendant is liable to the Plaintiff for the full amount of statutory and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT TWO – Willful Noncompliance with the FCRA**

62. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

63. At all times pertinent hereto, Defendant LexisNexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

64. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

65. At all times pertinent hereto, the above-mentioned credit report was a "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

66. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681(i) and/or willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

67. The conduct of LEXISNEXIS was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, but include without limitation economic loss, damage to reputation, invasion of privacy, emotional distress and interference with his normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

68. Defendant is liable to the Plaintiff for the full amount of statutory and actual damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

69. Plaintiff also seeks punitive damages in an amount to be determined by the jury for LexisNexis's willful violations of the FCRA.

## JURY TRIAL DEMAND

70. Plaintiff demands trial by jury on all issues so triable.

## Prayer for Relief

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Statutory damages;

(b) Actual damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

(e) Such interest as allowable by law; and

(f) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

/s/     James Feagle
James Feagle, Esq.
Georgia Bar No.
Skaar & Feagle, LLP
108 E. Ponce de Leon Avenue
Suite 204
Decatur, Georgia 30030
Telephone: (404) 373-1970
Facsimile: (404) 601-1855

Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. No. 649610
krisskaar@aol.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600


David A. Maxfield, Esq.
(*pro hac vice* motion forthcoming)
**DAVE MAXFIELD, ATTORNEY, LLC**
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
dave@consumerlawsc.com
803-509-6800


Dated: August 24, 2014